**FORT BEND COUNTY MUNICIPAL UTILITY DISTRICT NO. 30, Plaintiff,**

v.

**George S. GAYLE, et ux., Defendants.**

**Civ. A. No. H–89–2960.**

United States District Court, S.D. Texas, Houston Division.

Aug. 16, 1990.

As Amended Oct. 29, 1990.

Hal R. Gordon, Gordon & Gordon, Houston, Tex., for Fort Bend County Mun. Utility Dist. No. 30.

Irwin Michael Danziger, Rosenberg, Tex., for Jane Colley Gayle and George S. Gayle.

David Farnsworth Webb, Webb & Henderson, Houston, Tex., for Post Oak Bank.

Larry D. Cohen, F.D.I.C., Houston, Tex., for Texas Nat. Bank, Southwest Nat. Bank and F.D.I.C.

Dexter D. Joyner, Sugarland, Tex., for Fort Bend ISD.

Ben W. Childers, Heard, Goggan, Blair & Williams, Angelton, Tex., for Fort Bend County, Tex.

MEMORANDUM AND ORDER

NORMAN W. BLACK, District Judge.

Pending is a motion for summary judgment filed by the Federal Deposit Insurance Corporation ("FDIC"). The Court has reviewed the pleadings and motions on file and is of the opinion that the motion should be granted. Once this motion is granted the FDIC will no longer be a party to this lawsuit, there will be no federal question, and this case will be remanded for further adjudication in the State Court.

*Statement of the Case*

This suit was filed by Fort Bend County Municipal Utility District No. 30 (the "MUD") against George and Jane Gayle, Texas National Bank–Post Oak ("Texas

National"), and Southwest National Bank ("Southwest National"), their mortgage lenders, to collect delinquent ad valorem taxes, penalties, interest, and attorney fees on 12.9243 acres of real property located in Fort Bend County, Texas. The mortgage lenders had been declared insolvent some time prior to September 1, 1989 when this suit was filed. Fort Bend Independent School District ("FBISD"), State of Texas, and the County of Fort Bend ("County") intervened herein against Southwest National and Texas National to collect delinquent ad valorem taxes, penalties, interest and attorney fees on the total 12.9243 acres of real property which is now owned by the FDIC as Receiver for Southwest National and Texas National. The FDIC removed and has filed a motion for summary judgment.

*Summary Judgment*

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The FDIC has produced acceptable summary judgment evidence to show the following: It is a corporation chartered under the laws of the United States of America, pursuant to 12 U.S.C. § 1811, *et seq.* Southwest National and Texas National, the two mortgage lenders, were banking institutions organized and existing under the laws of the United States of America prior to November 3, 1988 and February 16, 1989, respectively. On or about November 3, 1988, the Comptroller of the Currency declared Southwest National insolvent and appointed the FDIC as Receiver, pursuant to 12 U.S.C. §§ 191 and 1821. On or about February 16, 1989, the Comptroller of the Currency declared Texas National insolvent and appointed the Federal Deposit Insurance Corporation as Receiver for the former bank, pursuant to 12 U.S.C. §§ 191 and 1821.

The FDIC as Receiver for Texas National was the owner and holder of a promissory note ("Note 1") and deed of trust executed by George S. Gayle and Jane Colley Gayle ("the Gayles") and payable to Texas National. Note # 1 was secured by real property described as 10.9243 acres in the John McDonald Survey, Abstract 291 in Fort Bend County, Texas. After the Gayles defaulted on Note # 1, the FDIC as Receiver for Texas National appointed a substitute trustee and requested that he foreclose upon the 10.9243 acre tract conveyed as security by the Gayles on Note # 1. On March 6, 1990, the FDIC as Receiver for Texas National purchased the 10.9243 acre tract at the foreclosure sale. The FDIC as Receiver for Texas National is now the fee simple absolute owner of the 10.9243 acres of real property.

Southwest National was the owner and holder of a promissory note ("Note # 2") and deed of trust executed by the Gayles and payable to Southwest National. Note # 2 was secured by real property described as 2.0 acres in the John McDonald Survey, Abstract 291, in Fort Bend County, Texas.

After the Gayles defaulted on Note # 2, the FDIC appointed a substitute trustee and requested that he foreclose upon the 2.0 acre tract conveyed by the Gayles as security for Note # 2. On April 3, 1990, the FDIC as Receiver for Southwest National purchased the 2.0 acre tract at the foreclosure sale. The FDIC as Receiver for Southwest National is now the fee simple absolute owner of the 2.0 acres of real property.

The FDIC contends that the FDIC, as an agency of the United States Government, enjoys sovereign immunity from the imposition of penalties, interest and attorney's fees and any resulting liens which arise from any penalties, interest and attorney's fees, pursuant to U.S. Const. Art. VI, Cl. 2 and 12 U.S.C. § 1825(b).

According to 12 U.S.C. § 1825(b)(2)–(3) the FDIC is exempt from foreclosure, sale, fines and/or penalties in connection with taxes on real estate. As a result, the

FDIC's motion for summary judgment shall be granted.

*Conclusion*

For the reasons stated above, it is

ORDERED that the Motion for Summary Judgment of the FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Southwest National Bank and Texas National Bank against Plaintiff, Fort Bend County Municipal Utility District No. 30 and Intervenors, Fort Bend Independent School District, and State of Texas, County of Fort Bend is GRANTED. It is further

ORDERED that the FDIC as Receiver for Southwest National Bank and Texas National Bank–Post Oak is not personally liable for the taxes for tax years 1987, 1988 and 1989, but a lien for taxes for tax years 1987, 1988 and 1989 remains against the real property described as 12.9243 acres in the John McDonald Survey, Abstract 291 in Fort Bend County, Texas. It is further

ORDERED that the FDIC, as Receiver for Southwest National Bank and Texas National Bank has not consented to Plaintiff and Intervenors' foreclosure. Consequently, the Plaintiff and Intervenors are prohibited from foreclosing upon the FDIC's interest in the real property described as 12.9243 acres in the John McDonald Survey Abstract 291 in Fort Bend County, Texas. It is further

ORDERED that, while title to the real property described as 12.9243 acres in the John McDonald Survey in Abstract 291 in Fort Bend County Texas is in the FDIC or its assigns, no liens for penalties, fines, interest, attorneys fees, costs and abstract and research fees exist against the real property for the failure of the FDIC or a prior property owner to pay the ad valorem taxes when due. It is further

ORDERED that the FDIC is DISMISSED. There being no federal question still pending, it is further

ORDERED that this case is REMANDED to the 268th Judicial District Court of Fort Bend County, Texas.